Capitol Plumbing and Heating Supply Company, a Corporation, Plaintiff-Appellant, v. John A. Snyder and Doris L. Snyder, Robert Midden, d/b/a Midden Supply Co., Shaw Lumber Company, a Corporation, Security Savings & Loan Association of Decatur, Illinois, G. A. Clark, G. A. Clark Builders, Inc., a Corporation, Frank E. Nichols and Beverly Camp, d/b/a Nichols and Camp, Melvin A. Lingafelter, Edward M. Woare and Edward M. Woare, Jr., Partners d/b/a Woare Builders Supply Co., et al., Defendants, John A. Snyder and Doris L. Snyder, Verle G. Dollahan and Helen Jane Dollahan, Security Savings & Loan Association of Decatur, Illinois, G. A. C. Construction Company, Defendants-Appellees.

Gen. No. 11,002.

Fourth District.

January 23, 1969.

Rehearing denied March 12, 1969.

Rhodes, Magill & Dehen, of Springfield (Robert Dehen, of counsel), for appellant.

Rosenberg, Rosenberg & Bickes, of Decatur (David L. Johnson and J. L. Rosenberg, of counsel), and Morey & Dunn, of Decatur (Walter Morey and John Dunn, of counsel), for appellees.

TRAPP, P. J.

Plaintiff's complaint in five counts asserting claims for lien and right to recover for materials furnished on a construction contract was dismissed for failure to state a cause of action. While the motions to dismiss made by various defendants assert multiple defects in the complaint, there is no indication in the record of the grounds on which the trial court sustained the motions. The question then for this court is whether any of the counts of the complaint, taking the allegations and proper inferences from them as true, state a cause of action.

Substantially the same basic facts are alleged for each count and arise under the following situation.

On June 15, 1965, defendants, John A. Snyder and Doris L. Snyder, as owners of real estate, entered into a contract with defendant, G. A. C. Construction Company, to construct an apartment building on the premises for the sum of $92,600 to be paid by stated completion stages. The owners authorized defendant, Security Savings and Loan Association, to make payments due under the contract after inspection to determine performance, provided that before any payments were made to the contractor, the contractor should furnish an affidavit in accordance with section 5 of the Mechanics' Lien Act setting forth the names of parties furnishing labor and material and the amount due or to become due each. The contract also required such an affidavit from the contractor prior to final payment.

On March 1, 1966, defendants, John A. Snyder and Doris Snyder, entered into an escrow agreement with Arthur M. Wells and defendants, Verle G. Dollahan and Helen Jane Dollahan, which agreement recited that the Snyders had entered into an agreement to sell the premises to Wells and Wells had entered into an agreement to sell the premises to the Dollahans and that Wells had refused to pay the consideration until certain items of completion were performed and until all liens of record or otherwise claimed were released or otherwise satisfied. A fund was deposited with the Millikin Trust Company which was to be disbursed to Security Savings and Loan Association, as mortgagee, and for satisfaction of liens in accordance with written directions from named attorneys.

The contractor entered into a subcontract for plumbing work with Nichols and Camp, a partnership, and Nichols and Camp purchased plumbing, heating and air-conditioning materials from plaintiff, Capitol Plumbing and Heating Supply Co. These materials of the value of

$4,631.86 were delivered to and used in the apartment premises between September, 1965, and November 3, 1965.

On November 3, 1965, certain materials, invoiced as sold to Nichols and Camp, in the amount of $838.93, were delivered to an agent of G. A. C. Construction Company and were paid for by said agent in exchange for a waiver of lien executed by Capitol Plumbing and Heating Supply Company. The waiver described the real estate and further provided:

> "NOW THEREFORE, Know All Men By These Presents that the undersigned for and in consideration of Eight Hundred Thirty-Eight and 93/100 Dollars ($838.93), the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien, or claim of right of lien on said above described building and premises under 'An Act to Revise the Law in relation to Mechanics Liens approved May 18, 1903' and in force July 1, 1903 and all the lien laws of the State of Illinois on account of labor or materials, or both, furnished or which may be furnished by the undersigned to or on account of said labor and for materials or both for said building or premises.
>
> "And for above stated consideration, the undersigned further declares on oath that all laborers, material suppliers, and subcontractors, if any, used for this portion of the construction have been paid in full."

On November 19, 1965, pursuant to two invoices showing a sale to G. A. Clark, there was delivered to defendant John A. Snyder material in the amount of $85.24 which Snyder paid for with a check drawn by Security Savings and Loan Association in exchange for a lien waiver which recited a consideration of $85.24 and contained waiver provisions similar to the one above recited.

435

On November 30, 1965, plaintiff served defendants John A. Snyder and Doris L. Snyder with a subcontractor's notice of lien stating that materials in the amount of $4,631.86 had been furnished to the contractor, G. A. Clark, through the subcontractor, Nichols and Camp, by plaintiff.

The original complaint for foreclosure of such lien was filed March 17, 1966, and was dismissed on motion for summary judgment which motion set forth the lien waivers above described.

The present second amended complaint of five counts was filed June 19, 1967.

Count II seeks to make the original construction contract a third-party beneficiary contract with plaintiff as the third-party beneficiary and makes the original owners, John A. Snyder and Doris Snyder, the contractor, G. A. C. Construction Company and Security Savings and Loan Association of Decatur defendants. Security Federal Savings and Loan Association was not a party to and did not sign the construction contract.

■ We think it is a sufficient defense to Security Federal Savings and Loan Association that it was not a party to the contract and no facts are alleged which impose any other liability upon it.

■ As to the other defendants, no extended discussion is required as to Count II based upon the theory that plaintiff is a third-party beneficiary because the benefit claimed is the same benefit that would be provided by the Mechanics' Lien Act, that is the furnishing of the affidavits required by section 5 of the Mechanics' Lien Act. No question has been raised by any party as to service of the subcontractor's lien notice on time. Therefore, unless the lien waivers, heretofore referred to, are effective, a proper subcontractor's lien would have been perfected. A waiver effective as to lien rights would be effective as to any third-party beneficiary rights which are the same rights as those conferred by the statute.

Count V specifically directs itself to moneys due under the contract from John A. Snyder and Doris L. Snyder to G. A. C. Construction Company. It makes the said original contracting parties defendants. It alleges that there is in excess of $4,631.86 "due, to become due or wrongfully paid by the owners, John A. Snyder and Doris L. Snyder to the defendant, G. A. C. Construction Company, contrary to Section 5 of Chapter 82 of the Illinois Revised Statutes of 1965."

■ In its brief plaintiff contends that there is a difference between the lien upon the property and the claim upon moneys due under the contract. It is true that a lien upon the property improved and a lien upon the moneys due under the contract are separate and distinct. Section 21 of Chapter 82 gives a subcontractor a lien upon the property "and on the moneys or other considerations due or to become due from the owner under the original contract."

■ The language of the lien waiver above quoted poses an extremely difficult question. Plaintiff contends that the lien waiver is confined to the property. While the language heretofore quoted can be read as a release of lien or claim of right "on said above described building" under the laws described in the release, the language releasing all lien or claim of right on said building under the Act of 1903 "and all the lien laws of the State of Illinois on account of labor or materials, or both, *furnished* or *which may be furnished* by the undersigned to or on account of said labor and/or materials or both for said building and premises" (emphasis supplied) is so general and apparently all inclusive as to be deceptive if it were intended to release the real estate only and to retain a lien on funds due under the contract. In short we believe that one furnishing such a waiver would be estopped to claim wrongful payment made pursuant to the waiver.

We do not take the same view as to funds due under the contract to the contractor at the time of filing suit.

Neither do we hold that there could not be additional situations creating an estoppel based upon change in reliance upon the waiver being a full waiver of all rights conferred by the Mechanics' Lien Law.

Plaintiff's theory in Counts I, III and IV requires that the lien waivers be set aside or ignored upon the ground of mistake, fraud or inadequate consideration.

Count IV makes the original owners, John A. Snyder and Doris L. Snyder, the contractor, G. A. C. Construction Company and the purchasers of the property, Verle G. Dollahan and Helen Jane Dollahan parties defendant and alleges as to all parties except the Dollahans that they should have known that the amount paid for the lien waivers was inadequate to support a full lien waiver.

Ignoring the extremely delicate problem of involving the purchasers without allegations which would place such knowledge in them, we believe the count is based upon a wrong principle. The Count seeks to foreclose a lien upon the property. It does not allege that there was no reliance upon the waiver by the purchaser of the property. It would necessarily be confined under the allegations to the original parties to the contract.

We think also that a lien waiver has a function distinct from that of a release. By custom it is generally intended to notify all persons interested in the premises or in moneys due under a construction contract that they may safely proceed without fear of lien claim from the particular contractor to the extent of the waiver. By its very terms a waiver which waives claims for materials which may be furnished in the future poses a possible inadequacy of consideration but it is nevertheless effective according to such terms.

In H. G. Wolff Co. v. Gwynne, 246 Ill App 86, pp 90–92, the court held that a waiver of mechanic's lien being merely a waiver of a particular additional remedy and not a release of the underlying obligation was not within the principle that a fixed obligation could

438

not be discharged for a lesser amount. It held that one is not entitled to repudiate a lien waiver on the ground of inadequate consideration. For similar situations see Hyde Park Inv. Co. v. Hyde Park State Bank, 257 Ill App 539, and Timber Structures, Inc. v. Chateau Royale Corp., 49 Ill App2d 343, 199 NE2d 623. Appellants cite Duncanson v. Chicago Title & Trust Co., 188 Ill App 551, as authority for the requirement of a full consideration. We think the reasoning in H. G. Wolff Co. v. Gwynne, 246 Ill App 86, at 90, is superior. Appellants also cite Olson v. Zarco Industries, Inc., 348 Ill App 124, 108 NE2d 32, wherein the release was sent on a promise to send the full amount of the bill and a lesser amount was sent, and Bain v. Globe Laundry Co., 245 Ill App 627 where the court found in effect that there were two separate contracts between the same parties and that the waiver asserted in defense was only intended for one of the contracts. The last two cases are not similar on the facts of the situation here alleged.

We hold that Count IV which is grounded upon the principle that there must be the same kind of consideration to support a waiver of mechanic's lien that would be adequate to discharge a debt fails to state a cause of action.

Count III is directed only against John A. Snyder and Doris L. Snyder and seeks to set aside both the waiver of November 3, 1965, obtained by the agent of G. A. C. Construction Company and the waiver of November 19, 1965, obtained by defendant John A. Snyder. Since both waivers contain a waiver of lien for materials furnished or to be furnished we think that both would have to be set aside to have any material effect on the status of the lien right. Since no connection is alleged between the defendants in this count and the lien waiver of November 3, 1965, we hold that Count III fails to state a cause of action.

439

Count I makes the original owners, John A. Snyder and Doris L. Snyder, the purchasers, Verle G. Dollahan and Helen Jane Dollahan, the contractor G. A. C. Construction Company, and others, defendants. It seeks to set aside the lien waiver of November 3, 1965, upon the ground that an agent of defendant, G. A. C. Construction Company, while intending to make out a partial lien waiver in respect only to the materials delivered on that day, did by mistake make out a full lien waiver and the officer of plaintiff in being presented with the waiver by mistake executed it not being aware of the error and intending to execute only a partial waiver of lien. It seeks to set aside the lien waiver of November 19, 1965, upon the ground that a like situation occurred as a result of a mistake by an agent of Security Savings and Loan Association who made out the waiver.

At the outset there is no allegation which in any way involves the purchasers, Verle G. Dollahan and Helen Jane Dollahan, or other persons dealing with the property or who might rely upon the lien waivers. In Count V it is alleged that plaintiff was not aware of the language of the waivers executed or of the type of waivers signed. Such is inconsistent with a theory of mutual mistake of fact wherein the parties intend to say a certain thing but by mistake say another. Midwest Tea Packing Co. v. Currier-Lee Warehouses, Inc., 338 Ill App 663, 88 NE 2d 529.

We have been furnished with a copy of the opinion in Peters v. Becklenberg, 265 Ill App 603 (abstract) which does affirm a decision of the trial court setting aside a lien waiver in a suit between contractor and owner where the evidence showed that through a mistake of the scrivener the instrument did not speak the true intent of the parties.

■ We think that as to third parties, specifically the purchasers, Verle G. Dollahan and Helen Jane Dollahan,

and Security Savings and Loan Association it would be necessary to allege that there was no reliance or change of position based upon the lien waivers and that since plaintiff has elected to stand on its complaint no cause of action remains against such parties.

We think also that as to the defendants, G. A. C. Construction Company and the owners, John A. Snyder and Doris L. Snyder, it would be necessary, as to an allegation of rights in respect to moneys wrongfully paid, to allege that no reliance was placed upon the waivers.

■■■ If there was no affidavit given under section 5 of the Lien Act as set forth in paragraph 12 of Count V and if there was money due the contractor from the owner at the time the suit was filed, then, the fact that the waivers did not specifically extend to moneys due under the contract would appear, prima facie, to leave a lien right which has not been waived. If the whole contract price remains unpaid, plaintiff would be entitled to its share of the contract price subject to the provision that the owner should pay no more than the contract price (Ill Rev Stats 1965, c 82, § 21, 2nd par). We think also that it would be a defense to the owner that the amount remaining due under the contract, if less than the contract price, is required for payment of valid liens of persons other than the general contractor.

In short we believe that a cause of action is stated in Count V as to moneys still due the contractor from the owner which are not required for valid liens of persons other than the general contractor.

For the foregoing reasons the decision of the trial court should be affirmed as to the judgment for defendants as to Counts I, II, III and IV and reversed as to Count V.

We do not reach the question as to the effectiveness of the allegations in respect to mistake in execution of the lien waivers for the reason that there are no allegations that the persons involved did not rely upon the

waivers which were executed through the fault of plaintiff. Reliance would prevent a lien upon the property and upon funds paid prior to suit, which time is the first time the ineffectiveness of the lien waivers was asserted.

The cause is affirmed as to judgment on Counts I, II, III and IV, but reversed and remanded as to Count V with directions to reinstate Count V and to order the defendants John A. Snyder, Doris L. Snyder and G. A. C. Construction Company to answer.

SMITH and CRAVEN, JJ., concur.