RICHARD's LUMBER & SUPPLY COMPANY *et al.*, Plaintiffs-Appellants, *v.* NATIONAL BANK OF JOLIET *et al.*, Defendants-Appellees.

(No. 75-105;

Third District—October 23, 1975.

John Bernard Cashion, of Chicago, for appellants.

Jeffery H. Gottlieb, of Chicago, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Will County in an action to foreclose a mechanic's lien, by the plaintiffs as against the National Bank of Joliet and others. The trial court granted the bank's motion for summary judgment in the action and decreed that the bank had lien rights superior to the mechanic's lien claims through the bank's mortgage. A companion foreclosure case had been filed prior to the action in the instant case. The foreclosure case was not determined until after determination of the instant case. The bank had sought to foreclose its trust deed as against the mortgagors Witbrod and his wife and named all other parties in interest in the Witbrod property as parties defendant. In the instant case, Richard's Lumber and Supply Company and Brown Drywall Company sought to foreclose a mechanic's lien as against the Witbrod property and named the bank as an additional defendant.

As had been noted, the bank moved for summary judgment and in such motion alleged that it had loaned the money to Witbrod in reliance on several waivers of lien signed by Richard Kunkel, president of Richard's Lumber & Supply Company. The appellants argue that the lien waivers involving appellants' claims were stolen by Witbrod, who was

an employee of Richard's Lumber & Supply Company. They concede, however, that the waivers were properly signed in blank.

The trial court determined that the defense of theft would not equitably overcome the position of the National Bank of Joliet as an innocent third party which had loaned money to the property owners in reliance on the properly signed waivers of lien and granted summary judgment in favor of the bank, thereby giving priority to the mortgage lien over appellants' mechanic's lien claims.

■■ Normally, a valid mechanic's lien filed earlier would take priority over a subsequent mortgage or trust deed lien. The issue before us, therefore, is whether the stolen waivers signed in blank by an officer of the lienor and, apparently, filled in by the debtor Witbrod, could effectively waive appellants' mechanic's lien as to priority over the bank's mortgage lien. We conclude that such waiver was made; that the waivers were valid as to the bank; and that the bank was entitled to rely on the waivers in paying out the money and recording its trust deed. As stated in *Decatur Lumber and Manufacturing Co. v. Crail* (1932), 350 Ill. 319, 325, 183 N.E. 228, 230:

> "* * * where one of two innocent persons must suffer by the fraud of a third person, the loss must fall upon him who by his conduct put it in the power of such third person to cause the injury."

See also *Westlake Finance Co. v. Oak Park Motors, Inc.* (1960), 19 Ill.2d 66, 72, 166 N.E.2d 23; *Aiello v. Grace* (1968), 99 Ill.App.2d 445, 452, 241 N.E. 675; 27 Am.Jur.2d *Equity* § 146 (1966).

In the cause before us, Richard's Lumber & Supply Company made it possible for its employee Witbrod to commit the fraud by leaving the company waivers, which were already signed in blank by the company president, in a place where Witbrod could obtain them. The bank loaned money to Witbrod in reliance on the waivers, which had been completed and presented to the bank. Under the facts, the appellants would lose any priority they might otherwise have had as to the bank by reason of their mechanic's liens.

■■ Appellants raised other points in an attempt to attack the holding of the trial court, including an argument that the lien waivers could not be valid without some consideration, and further that the bank did not introduce any evidence in support of its motion for summary judgment which would allow the trial court to find that the bank was in fact an innocent third party. It appears that these particular arguments were not brought out in the trial court and, therefore, will not be considered on appeal. (*Cheadle v. County Board of School Trustees* (3rd Dist. 1974), 20 Ill.App.3d 212, 217, 313 N.E.2d 196.) We should note, how-

ever, that consideration is not an essential prerequisite to the validity of lien waivers. (*Capitol Plumbing & Heating Supply Co. v. Snyder* (4th Dist. 1969), 104 Ill.App.2d 431, 438-439, 244 N.E.2d 856.) Appellants had the burden of bringing forward some evidence in order to create an issue of fact as to whether or not the bank was an innocent party. No such evidence was tendered.

■■ Under the circumstances, where the bank paid money in reliance on what appeared to be regularly executed waivers of lien, in the normal course of business, and where the lienors seek to show the invalidity of the waivers on grounds of fraud, not involving the bank, there is a basic presumption of innocence of the bank, absent some indication from the facts that the bank in fact knew about or should have known about Witbrod's fraudulent conduct. Appellants did not indicate, by anything of record, any sort of proof which would contradict the presumption in favor of the bank.

■■ It is notable that appellants, as innocent parties, while subordinate to the mortgagee, did not lose their liens as against Witbrod's property but were subject to the priority of the bank mortgage. We have simply decided that the appellants, as the parties more responsible than the bank for the fraud perpetrated by Witbrod, cannot maintain a lien priority over the bank, which was also an innocent party who relied on the waivers. The decree of the Circuit Court of Will County granting summary judgment in this cause is, therefore, affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.